## *In re* MOYER, Bankrupt.*

### (*District Court, E. D. Pennsylvania.* February 27, 1883.)

BANKRUPTCY—SECTION 5045, REV. ST.—EXEMPTION TO BANKRUPT—MISCONDUCT—LACHES.

A bankrupt, who is a fugitive from justice, and who has failed to account to the assignee for $5,000 and other property in his hands, has no right, after 10 years' acquiescence, to claim, under section 5045, Rev. St., an exemption out of cash in the hands of the assignee, the proceeds of property sold by him.

In Bankruptcy. Exceptions to the report of the register who allowed the claim of the bankrupt for exemption. The facts are set forth in the opinion.

*J. P. S. Gobin* and *Josiah Funk,* for exceptions of creditors and assignee.

*C. L. Lockwood* and *P. H. Reinhard, contra,* and for the bankrupt.

BUTLER, J. I cannot agree with the register respecting the bankrupt's claim. When the proceeding began the bankrupt had no property "exempt from levy and sale upon execution or other process, under the laws of the state," as contemplated by section 5045 of the Revised Statutes. He had fled from, and abandoned his residence in, this state—was a fugitive from justice; and has remained abroad ever since. The exemption provided for by the state statute is confined to citizens of the state, as her courts have decided. But the bankrupt, in my judgment, is not entitled to any part of his claim. If the trustee failed in duty, as alleged,—retaining and converting property to which the bankrupt was entitled,—the latter could have had redress by suit, or an order of this court in the premises. He sought no such redress, however; but for 10 years has apparently acquiesced in the trustee's conduct. The property has now passed beyond his reach, and his right of action against the trustee is barred. I was about to say that he now presents himself here to recover, not the property alleged to have been exempted, but money returned to the court for distribution, as part of the bankrupt's estate. This

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

statement, however, is not accurate. He has not presented himself, either in person or by petition. The trustee, whose duty it was not, has called attention to the circumstances, and counsel for the bankrupt have pressed the claim before the register. As before suggested, the claim is not for the property, but for money, the alleged proceeds. It is, therefore, purely equitable. To this money he has no legal right. Brought into court as part of the trust estate, *prima facie*, as matter of law and in strict right, it belongs to the creditors, who alone are entitled to share in the distribution. Under similar circumstances the courts of this state would dismiss the claim without hearing—refusing to inquire into the sources from which the fund came. *Okie's Appeal*, 9 Watts & S. 156; *Mark's Appeal*, 34 Pa. St. 36; *Nyman's Appeal*, 71 Pa. St. 447.

The courts of bankruptcy have adopted a more liberal view, and allow the bankrupt to follow the proceeds of property unlawfully withheld and converted, where it is equitable to do so.

In the case before us, however, it would not be equitable to award the bankrupt any part of the fund,—granting even that his property was improperly converted. His delay, and apparent acquiescence for so long a time,—well calculated to mislead creditors,—should of itself close his mouth respecting the fund. In addition to this, however, is the important fact that while the law contemplates that the bankrupt shall be within reach, to assist, by information and otherwise, in making the most of his estate, this claimant remained away, beyond reach, to escape demands made upon him here. Still more important, I think, is the fact that within three or four months of the adjudication declaring him a bankrupt, and even a shorter time prior to the confession of bankruptcy found in the voluntary proceeding which he commenced and abandoned, he received the large sum of $5,000 in money, in addition to the proceeds of valuable jewelry and pictures sold, no part of which was turned over to the trustee, and of which no satisfactory account, in my judgment, has been rendered. He says he paid some debts, without specifying any debts so paid; that he presented $1,500 to his son, and gave some amount to somebody who was under obligations on his account. This is far from satisfactory; and it is hardly made less so by the general statement that he appropriated none of it to his own use. Presenting himself here as a claimant against the small sum left for creditors, it certainly is not too much to demand an account of what was done with the large sum so received; and in the absence of such an account to treat him as having carried it away. Doubtless he could

readily have told us all about it had he been within reach and been called upon to do so early in the history of this proceeding. It cannot be doubted that he was insolvent, and knew it, when this money was collected; his voluntary proceeding was commenced a very few months later. Why should he under such circumstances *give away* $1,500, as he confesses he did? It belonged to his creditors.

In the light of these facts it would, in my judgment, be grossly unjust to allow him to withdraw from the creditors any part of the fund here for distribution. The report of the register must be corrected accordingly, the claim being disallowed.